# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**VINSON CLAGG,**
**Claimant Below, Petitioner**

**FILED**
**November 18, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-73      (JCN: 2021016640)**

**SERVICE WIRE COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vinson Clagg appeals the August 2, 2022, order of the Workers' Compensation Office of Judges ("OOJ"). Mr. Clagg's employer, Respondent Service Wire Company, filed a timely response.[1] Mr. Clagg did not file a reply brief. The issue on appeal is whether the OOJ erred in affirming the claim administrator's order granting Mr. Clagg a 2% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the OOJ's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Clagg was injured at his workplace on February 12, 2021, when a cart carrying a large roll of copper wire rolled over his foot. He applied for Workers' Compensation benefits and the claim was held compensable for a crush injury of his right foot, displaced fracture of the distal phalanx of the right great toe, and contusion of the right shoulder.

Mr. Clagg was sent to Prasadarao Mukkamala, M.D., for an independent medical examination ("IME") conducted on July 12, 2021. Dr. Mukkamala observed Mr. Clagg and conducted range of motion studies. In his report, Dr. Mukkamala stated that Mr. Clagg had reached maximum medical improvement. Dr. Mukkamala found no evidence of a fracture of the right toe. After completing his evaluation, Dr. Mukkamala found that Mr. Clagg had a 5% lower extremity impairment for swelling, which he converted to a 2% whole person impairment rating.

---

[1] Petitioner is represented by Edwin H. Pancake, Esq. Respondent is represented by H. Dill Battle, III, Esq.

1

On July 27, 2021, the claim administrator granted Mr. Clagg the 2% PPD award recommended by Dr. Mukkamala. Mr. Clagg protested this order to the OOJ.

On December 7, 2021, Mr. Clagg obtained an IME from Bruce Guberman, M.D. Dr. Guberman found that Mr. Clagg had a 5% impairment for lower extremity range of motion, 10% venous insufficiency of the right lower extremity, a 10% impairment for lower extremity range of motion abnormalities of the right ankle, and a 7% impairment for lower extremity range of motion of the right hindfoot. Dr. Guberman combined those values to find a 25% lower extremity impairment, which he converted to a 10% whole person impairment.

Service Wire Company obtained another IME of Mr. Clagg from David Soulsby, M.D., on April 27, 2022. Dr. Soulsby found Mr. Clagg's impairment to be limited to 2% for the swelling of the right lower extremity and loss of range of motion.

When ruling on the protest, the OOJ found that the reports of Dr. Mukkamala and Dr. Soulsby were consistent in their evaluations, findings, and recommendations. The OOJ found that Dr. Guberman's report was inconsistent with those of the other doctors and that Dr. Guberman had included a noncompensable condition in his evaluation. Specifically, Dr. Guberman assigned an impairment rating for a condition of the Mr. Clagg's right ankle, which had not been ruled compensable. Thus, by order of August 2, 2022, the OOJ affirmed the claim administrator's order granting Mr. Clagg a 2% PPD award, as recommended by Dr. Mukkamala and Dr. Soulsby. Mr. Clagg appeals that order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Although this statute specifically references orders of the Board of Review ("Board"), this Court concludes that the same standard applies to our review of orders issued by the OOJ during the period of time when administrative proceedings were being transferred from the OOJ to the Board. *See* W. Va. Code § 23-5-8a (2022) (transferring powers and duties of OOJ to Board); W. Va. Code § 23-5-12(b) (2021) (specifying this same standard of review when Board heard appeals of OOJ's orders).

On appeal, Mr. Clagg argues that the OOJ did not find any one IME report to be more reliable than the other two reports. He argues that there was an equal amount of evidentiary weight, thus the OOJ should have ruled in his favor and granted the higher PPD award. He relies upon West Virginia Code § 23-4-1g(a) (2003), which provides, in part: "If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

We reject Mr. Clagg's argument and find no error or abuse of discretion in the OOJ's decision to rely on the reports of Dr. Mukkamala and Dr. Soulsby. The OOJ found those reports to be consistent and correct, while the OOJ rejected Dr. Guberman's opinion because it relied upon the evaluation of a noncompensable condition. The OOJ's decision is supported by *Defibaugh v. Appalachian Electronic Instruments, Inc.*, No. 20-0136, 2021 WL 1054479, *2 (W. Va. Mar. 19, 2021) (memorandum decision), where the Supreme Court of Appeals of West Virginia affirmed a determination that doctors' reports were unreliable when they rated a PPD award by including noncompensable conditions. Because there is not an equal amount of evidence in the record, Mr. Clagg's reliance on West Virginia Code § 23-4-1g(a) is misplaced.

Finding no error in the OOJ's order affirming the 2% PPD award, we affirm.

Affirmed.

**ISSUED:** November 18, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3